UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LAQUINN GILMORE | |
| Plaintiff, | AMENDED COMPLAINT AND JURY DEMAND |
| vs. | Civil Action No. 3:21CV00010 |
| JOSEPH WOOD and JOHN DOES 1-5, | |
| Defendants. | |

## JURISDICTION

1. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and is filed pursuant to 42 U.S.C. § 1983.

2. The jurisdiction of this Court is predicated on 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4) as well as 28 U.S.C. § 1367(a).

## VENUE

3. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because the cause of action arose in this District and division.

## PARTIES

4. Plaintiff LaQuinn Gilmore is a resident of the City of Charlottesville. He is a musician, a producer and a performer.

5. Defendant Joseph Wilson was, at all time relevant to this Complaint, a police officer of the City of Charlottesville.

6. Defendants John Doe 1-5 were, at all times relevant to this Complaint, police officers of the City of Charlottesville.

## FACTS

7. In the evening hours of January 11, 2021, Mr. Gilmore was traveling from his mother's house to his studio in his car on Monticello Avenue in the City of Charlottesville.

8. As a result of medicine he had been prescribed for an infection in his arm, he felt sick and pulled his car to the curb.

9. He got out of his car and started to dry heave when he was approached by Officer Wood.

10. Initially, Defendant Wood inquired as whether plaintiff' was okay. Mr. Gilmore told him yes and explained why he had stopped.

11. As Defendant Wood started to walk away, Mr. Gilmore said, into his phone, "cops be playing too much."

12. Defendant Wood immediately turned and demanded Mr. Gilmore's driver's license.

13. Mr. Gilmore refused to provide his license or other identification, asserting that since he had done nothing wrong, the police had no right to demand identification.

14. Defendant Wood continued to walk immediately behind plaintiff as he continued to demand identification. As Mr. Gilmore asserted that he had done nothing wrong, Defendant Wood verbally agreed with him.

15. Defendant Wood called for backup as he claimed Mr. Gilmore was fleeing the scene. In fact, Mr. Gilmore was pacing back and forth on Monticello Avenue and was not "fleeing" the scene.

16. Shortly after calling for backup, Defendant Wood grabbed Mr. Gilmore and threw him to the ground face first. Defendant Wood also handcuffed and searched Mr. Gilmore while he continued to detain him. Mr. Gilmore was released, without charges, when the patrol

supervisor arrived on the scene.

17. While Mr. Gilmore was on the ground, at least one John Doe was present. Shortly thereafter and while Mr. Gilmore was still being detained, John Does 2-5 were present on the scene. Although the officers observed at least part of Defendant Wood's conduct as described above, none intervened to stop him.

18. Plaintiff presented the next day at the UVA Medical Center and was diagnosed with a "closed head injury with concussion, contusion of lower leg and acute bilateral thoracic back pain." Each of these conditions was as a proximate result of the conduct of Defendant Wood as described above.

19. An investigation by the Charlottesville Police Department Internal Affairs Unit found, *inter alia*, that Defendant Wood reacted solely because of the comments of Mr. Gilmore, that "Officer Wood's actions in detaining and handcuffing Mr. Gilmore were unreasonable," that the search of Mr. Gilmore was unlawful, and that when Defendant Wood threw Mr. Gilmore to the ground "he was no longer engaged in a lawful police objective."

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(First Amendment)

20. By unlawfully seizing Mr. Gilmore, assaulting him and searching him in retaliation for what he said, Defendant Wood violated the First and Fourteenth Amendments to the United States Constitution.

21. As a direct and proximate result of the aforesaid conduct, plaintiff suffered physical harm

and emotional distress.

## SECOND CAUSE OF ACTION
(unlawful detention)

22. The detention of Mr. Gilmore by Officer Wood violated the Fourth and Fourteenth Amendments to the United States Constitution as the defendant did not have any reason to believe that plaintiff was, had or was going to engage in unlawful activity.

23. As a direct and proximate result of plaintiff's detention, Mr. Gilmore suffered physical harm and emotional distress.

## THIRD CAUSE OF ACTION
(unreasonable force)

24. The use of physical force to throw plaintiff to the ground and otherwise strike him violated the Fourth and Fourteenth Amendment since there were no grounds to detain plaintiff in the first place and there was no justification for the use of force. As the Charlottesville Police Department found, "a reasonably prudent person would not be warranted in the belief that he or other persons were in danger from Mr. Gilmore."

25. As a direct and proximate result of the use of unreasonable force by Officer Wood, plaintiff suffered physical injury and emotional distress.

## FOURTH CAUSE OF ACTION
(illegal search)

26. Defendant Wood's search of plaintiff without reason to believe that he was armed and dangerous violated the Fourth and Fourteenth Amendments to the United States Constitution.

27. As a direct and proximate result of this illegal search, plaintiff suffered emotional

distress.

## FIFTH CAUSE OF ACTION
(failure to intervene)

28. By failing and refusing to intervene while observing illegal, unconstitutional and criminal behavior by one of their fellow officers, John Does 1-5 violated the Fourteenth Amendment to the United States Constitution.

29. As a direct and proximate result of the conduct of John Does 1-5 in failing to intervene, plaintiff suffered physical harm and emotional distress.

## SIXTH CAUSE OF ACTION
(state claim for false imprisonment)

30. By detaining and handcuffing Mr. Gilmore without lawful justification, Defendant Wood's conduct constitutes false imprisonment under Virginia law.

31. As a direct and proximate result of the conduct of Defendant Wood, plaintiff suffered physical injury and emotional distress.

## SEVENTH CAUSE OF ACTION
(state claim for abduction)

32. By detaining and handcuffing plaintiff and moving him Defendant Wood illegally abducted plaintiff under Virginia law.

33. As a direct and proximate result of the conduct of Defendant Wood, plaintiff suffered physical injury and emotional distress.

## EIGHTH CAUSE OF ACTION
(state claim for assault and battery)

34. By throwing Mr. Gilmore to the ground without lawful justification, Defendant Wood's conduct constitutes assault and battery under Virginia law.

35. By placing Mr. Gilmore in handcuffs without lawful justification, Defendant Wood's conduct constitutes assault and battery under Virginia law.

35. As a direct and proximate result of the conduct of Defendant Wood, plaintiff suffered physical injury and emotional distress.

**WHEREFORE**, Plaintiff requests the following relief:

a.  Awarding Plaintiff compensatory damages;

b.  Awarding attorney's fees and costs to Plaintiff;

c.  Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,<br>
LAQUINN GILMORE<br>
By Counsel

s/Jeffrey E. Fogel
Jeffrey E. Fogel, VSB #75643
Attorney at Law
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 (Tel)
434-220-4856 (Fax)
jeff.fogel@gmail.com

April 9, 2021